UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUANNA PLATER AND SHANDTRESHA JOHNSON** | * * * | **CIVIL ACTION NO.** |
| **Plaintiff,** | * * | |
| **VERSUS** | * * * | **DIVISION:** <br> **JUDGE:** |
| **HEALTHTRUST WORKFORCE SOLUTIONS, LLC** | * * * * | **SECTION:** <br> **MAGISTRATE:** |
| **Defendant.** | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes HealthTrust Workforce Solutions, LLC ("HealthTrust" or "Defendant"), who appears solely for the purpose of filing this Notice of Removal and reserves all rights, defenses, objections, exceptions, and claims it may have. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, HealthTrust hereby removes the Petition for Unpaid Wages, Penalties, and Attorney Fees by Summary Process ("Petition") filed by Plaintiffs Arthuanna Plater and Shandtresha Johnson ("Plaintiffs"), which was pending as Docket No. C-62334 of the 3rd Judicial District Court for the Parish of Lincoln, State of Louisiana (the "Action"), to the United States District Court for the Western District of Louisiana because the parties and interests are diverse, and a good faith reading of the Petition shows that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

1.

On May 10, 2022, Plaintiffs filed a Petition for Damages ("Petition") in the 3rd Judicial District Court for the Parish of Lincoln, bearing Docket No. C-62334, against HealthTrust.

**2.**

HealthTrust was served with the Petition on May 13, 2022. However, HealthTrust is a limited liability company, whose general and limited partners are not domiciled in Louisiana. As set forth in the attached Declaration of Michael Bray ("Exhibit A"), HealthTrust identifies the following partners: Health Trust Workforce Solutions, LLC's sole member is Parallon Business Solutions, LLC; Parallon Business Solutions, LLC's sole member is Parallon Holdings, LLC; Parallon Holdings, LLC's sole member is SSHR Holdco, LLC; SSHR Holdco, LLC's sole member is EP Health, LLC; EP Health LLC's sole member is HealthTrust, Inc. – The Hospital Company; HealthTrust, Inc. – The Hospital Company is incorporated in Delaware and has its principal place of business in Tennessee. Accordingly, for federal court jurisdiction and diversity of citizenship purposes, HealthTrust is not a citizen of Louisiana.

**3.**

Plaintiffs are citizens of Louisiana. HealthTrust, the only named defendant in this suit, is a citizen of Delaware and Tennessee. Accordingly, complete diversity exists among the parties, and the citizenship element of diversity jurisdiction for the purpose of removal is met.

**4.**

The second element of diversity jurisdiction—amount in controversy exceeding $75,000.00—is also met. *See* 28 U.S.C. § 1332(a)(1). Plaintiffs allege in their Petition they are each entitled to a separate award of $118,727. When removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Tucker v. Exxon Mobil Corp.*, No. 14-277, 2015 WL 105894, at *3 (M.D. La. Jan. 7, 2015) (quoting 28 U.S.C. § 1446(c)(2)). Nevertheless, because Louisiana law does not permit demand for a specific sum, removal is proper if the district court finds, by a preponderance

of the evidence, that the amount in controversy exceeds $75,000. *See Wright v. Sears Roebuck & Co.*, No. 09-1498, 2010 WL 148173, at *2 (W.D. La. Jan. 12, 2010) ("To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met.").

**5.**

Although HealthTrust does not concede the evidence will show the damages sought by Plaintiff, it is facially apparent, for purposes of determining the amount in controversy, that the Court could conclude the damages sought exceed the jurisdictional amount required. *Cf.*, *Roth v. Inspectorate Am. Corp.*, No. 19-876, 2020 WL 5835317, *3–6 (M.D. La. Sept. 15, 2020), *report and recommendation adopted*, No. CV 19-876, 2020 WL 5824022 (M.D. La. Sept. 30, 2020) (finding the amount in controversy was not facially apparent based on an ambiguous petition but defendant was able to demonstrate the amount in controversy was met by submitting plaintiff's computation of damages in his initial disclosures). Here, Plaintiffs plainly set forth their computation of damages in their Petition: principal wages ($12,860), penalties ($76,230), and attorney's fees ($29,637)—totaling an award of $118,727 each.[1] (*See* Petition, ¶¶ 13–16). Accordingly, by Plaintiffs' own computation of damages, the $75,000 amount in controversy element of diversity jurisdiction for the purpose of removal is met.

---

[1] As Plaintiffs themselves did here, Courts include penalties and attorney's fees, along with the principal wages, as alleged, in their computation of damages to determine whether the amount in controversy requirement has been met. *See, e.g.*, *Robinson v. BASF Corp.*, No. 17-399, 2017 WL 5077703, at *3–4 (M.D. La. Oct. 13, 2017), *report and recommendation adopted*, No. 17-399, 2017 WL 5077700 (M.D. La. Nov. 3, 2017) (including recoverable back pay, penalties, and attorney's fees in its computation of damages and concluding the total amount of those potential damages exceeded the $75,000 amount in controversy requirement).

**6.**

Thirty days have not expired since HealthTrust was served with the Petition, so this Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, which includes "all process, pleadings, and orders served upon" HealthTrust, are attached hereto as Exhibit B. These documents constitute all process, pleadings, and orders served at the time of the filing of this removal.

**7.**

Defendants removing actions from state court to federal court "shall file [a Notice of Removal] in the district court of the United States for the district and division within which such action is pending . . . ." *See* 28 U.S.C. § 1446(a). 28 U.S.C. § 1441, provides that the proper venue of a removed action is "the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the Petition was filed in the 3rd Judicial District Court for the Parish of Lincoln, which is within the Western District of Louisiana, this District is the proper venue for this civil action.

**8.**

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

**WHEREFORE**, Defendant, HealthTrust Workforce Solutions, hereby removes this case to Federal Court.

**Respectfully Submitted,**

**FRILOT, LLC**

*/s/ Leslie W. Ehret*
LESLIE W. EHRET (La. Bar No. 18494)
ANNA K. POTTER (La. Bar No. 38376)
1100 Poydras St., Suite 3800
New Orleans, LA 70163-3600
Telephone: 504-599-8000
Facsimile: 504-599-8100
**Attorneys for HealthTrust Workforce Solutions, LLC**